**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

GUOJUN LIU,
Petitioner,
v.
CHRISTOPHER LAROSE, et. al.,
Respondents.

Case No.: 26-cv-1757-BJC-MMP

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Guojun Liu is a citizen of China who entered the United States without inspection on April 18, 2024. ECF No. 1 at 1. He was released on his own recognizance and placed in removal proceedings. ECF No. 4 at 1. Petitioner has no criminal history, and has maintained stable community ties in the United States. ECF No. 1 at 8. On November 25, 2025, Petitioner was taken into DHS custody suddenly and without notice. He has been detained since that time at the Imperial Regional Detention Center.

On February 13, 2026, an Immigration Judge ordered Petitioner removed to China but granted him withholding of removal under the Immigration and Nationality Act ("INA"). *Id.* On March 17, 2026, Petitioner's Order of Removal became final. *Id.*On March 19, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Respondents filed a return on March 30, 2026. ECF No. 4.

Petitioner contends his indefinite detention violates Petitioner's rights under the Due

Process Clause of the Fifth Amendment and *Zadvydas v. Davis,* 533 U.S. 678 (2001). ECF No. 1 at 12. Respondents do not address Petitioner's arguments. Instead, Respondents state that Petitioner's statutorily mandated removal period began less than a month before he filed the Petition, therefore it is untimely and should be denied. ECF No. 4 at 2

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241; *see also Hamdi v. Rumsfeld,* 542 U.S. 507, 525, 124 S. Ct. 2633, 2644, 159 L. Ed. 2d 578 (2004) ("[T]he writ of habeas corpus remains available to every individual detained within the United States."). Courts are authorized to grant writs pursuant to § 2241 to noncitizens in custody in violation of the Constitution or laws or treaties of the United States. *Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999).

Under 8 U.S.C. § 1231(b)(3), an alien who is granted withholding of removal and ordered removed, must be detained for ninety days (90) pending the government's efforts to secure their removal to a third country. *See* 28 U.S.C. § 1231(a)(2). The ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). Once the removal period expires, the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." Id. at 701. After this six-month period passes, the petitioner has the burden to "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If a petitioner meets the initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release. *Id.* at 700.

Here, Petitioner's final order of removal became final on March 17, 2026. Therefore, he has been detained for almost 5 months post final order of removal. Although his period of detention is less than the presumptively reasonable six-month period, "[a]t no point did the *Zadvydas* Court preclude a noncitizen from challenging their detention before the end of the presumptively reasonable six-month period." *Trinh v. Homan*, 466 F. Supp. 3d 1077, 1092 (C.D. Cal. 2020) (collecting cases); *Ndandu v. Noem*, No. 25-CV-2939-RBM-MSB, 2026 WL 25848, at *3 (S.D. Cal. Jan. 5, 2026) (finding that the six-month presumption is rebuttable and finding petitioner rebutted the presumption while only being detained for three months); *Hernandez v. Bondi*, No. 25-CV-2020-EPG-HC, 2026 WL 350829, at *3–4 (E.D. Cal. Feb. 9, 2026) (rebutting presumption after five month detention); *Herzardastan v. Noem,* No. 25-CV-3424-AB-DBT, 2025 WL 3768581, at *2 (C.D. Cal. Dec. 23, 2025) (rebutting presumption after four month detention); *Uzzhina v. Chestnut*, No. 25-CV-1594-DAD-SCR, 2025 WL 3458787, at *3 n.3 (E.D. Cal. Dec. 2, 2025) ("The fact that a noncitizen has been held in-custody less than six months does not foreclose a claim that his or her detention is unlawful under *Zadvydas*.") Here, the Court finds Petitioner has rebutted the 6-month presumption and met his initial burden.

Next, Petitioner must "provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 533 U.S. 701. Petitioner contends that the United States is legally barred from removing him to China because he has been granted withholding of removal and protection under the Convention Against Torture, therefore Defendants cannot remove him to China. ECF No. 1 at 9. He claims that ICE has asserted that it is looking for a third country to accept Petitioner but has not identified "any third country willing to accept him." ECF No. 1 at 2. Accordingly, Petitioner has demonstrated that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Because Petitioner has shown good reason to believe he will not be removed in the reasonably foreseeable future, the burden now shifts to Respondents to rebut Petitioner's showing. *Zadvydas*, 533 at 701. Respondents do not address whether they have sought or

obtained travel documents for Petitioner and only argue that the Petition should be denied because it is premature. As a result, Respondents have failed to rebut Petitioners' showing that there is no significant likelihood of removal.

Accordingly, the Court **GRANTS** the petition for a writ of habeas corpus. Respondents shall immediately release Petitioner under the previously determined conditions. Respondents are enjoined from re-detaining Petitioner without complying with 8 C.F.R. § 212.5 and due process. The Clerk of Court shall close this matter.

**IT IS SO ORDERED**.

Dated: August 12, 2026

Honorable Benjamin J. Cheeks
United States District Judge